### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

DEBRA S. KUPCAK,

      Plaintiff,

v.                                       Civil No. 02-1388 WJ/KBM

NEW MEXICO GOVERNOR GARY
JOHNSON, CITY OF CARLSBAD, EDDY
COUNTY, EDDY FEDERAL CREDIT
UNION, WESTERN COMMERCE BANK,
THE INTERNAL REVENUE SERVICE, and
DEPARTMENT OF JUSTICE,

      Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT EDDY COUNTY'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Motion by Defendant Eddy County

to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 14].  The motion was filed November 19,

2002.  Plaintiff *pro se* has not filed a response.  Having reviewed the motion, accompanying

argument, and the Complaint in this case, I find that the motion is well taken and will be granted

for the reasons stated herein.

**BACKGROUND**

Plaintiff *pro se* filed her original complaint in the Fifth Judicial District Court, County of

Eddy, State of New Mexico.  Defendant United States timely removed the action to federal court.

According to Plaintiff's complaint, she is an employee of the City of Carlsbad which is located in

Eddy County.  Plaintiff received a Notice of Levy from the Internal Revenue Service (IRS) in the

amount of $14,435.60.  As a result, Plaintiff's wages with the City of Carlsbad were garnished, a

bank account with Eddy Federal Credit Union was attached, and real estate holdings in the care of

Western Commerce Bank were "taken."  Plaintiff alleges that no assessment of tax was made nor was Plaintiff ever notified of any tax assessment.

Plaintiff claims that the Defendants aided and abetted the unlawful confiscation of her assets.  Specifically, she alleges that the IRS is a foreign power whose efforts to confiscate Plaintiff's property constitutes an invasion of the State of New Mexico.  Plaintiff further alleges that the Governor of the State of New Mexico has a constitutional duty to repel the invader. Political and corporate entities within the power and control of the State of New Mexico aided and abetted the alleged invader.

With regard to Defendant Eddy County, Plaintiff makes no specific factual allegations other than to allege the location of Eddy County and allege that Eddy County, along with other Defendants, gave aid and comfort to the IRS which was an invader harming a citizen of the State of New Mexico.  Plaintiff requests no relief with regard to Defendant Eddy County.

**LEGAL STANDARD**

The standards of review for a motion to dismiss for failure to state a claim are well established.  All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff.  Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998). A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996).  Allegations which state legal conclusions rather than plead material facts are not accorded deference, nor should unwarranted inferences of fact or conclusions of law be drawn from such allegations in order to preclude

2

dismissal.  Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957).  Although a court must liberally construe pro se pleadings, pro se status does not excuse a litigant from his or her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  Additionally, a broad reading of a complaint does not relieve a pro se plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based.  Riddle v. Mondragon, 83 F.3d 1197 (10th Cir. 1996).  A plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if there is no judicial relief available for the acts complained of against a defendant.  Davis v. Passman, 442 U.S. 228 (1979).

**DISCUSSION**

Plaintiff makes no cognizable legal claim against Defendant Eddy County.  Moreover, there is no judicial relief available for any of Defendant Eddy County's alleged acts of which Plaintiff complains.  Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Defendant Eddy County is entitled to the dismissal with prejudice of the claims against it.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Motion by Defendant Eddy County to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 14] is hereby GRANTED, and all claims against Eddy County are hereby DISMISSED WITH PREJUDICE.

_____

UNITED STATES DISTRICT JUDGE