IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA S. KUPCAK,

    Plaintiff,

v.     Civil No. 02-1388 WJ/KBM

NEW MEXICO GOVERNOR GARY
JOHNSON, CITY OF CARLSBAD, EDDY
COUNTY, EDDY FEDERAL CREDIT
UNION, WESTERN COMMERCE BANK,
THE INTERNAL REVENUE SERVICE, and
DEPARTMENT OF JUSTICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT WESTERN COMMERCE BANK'S MOTION TO DISMISS
AND SUA SPONTE DISMISSING ALL CLAIMS AGAINST
DEFENDANT EDDY FEDERAL CREDIT UNION**

    THIS MATTER comes before the Court pursuant to Defendant Western Commerce Bank's Motion to Dismiss [Docket No. 25]. The motion was filed December 30, 2002. Plaintiff *pro se* has not filed a response. Having reviewed the motion, accompanying argument, and the Complaint in this case, I find that the motion is well taken and will be granted for the reasons stated herein.

**BACKGROUND**

    Plaintiff *pro se* filed her original complaint in the Fifth Judicial District Court, County of Eddy, State of New Mexico. Defendant United States timely removed the action to federal court. According to Plaintiff's complaint, she is an employee of the City of Carlsbad which is located in Eddy County. Plaintiff received a Notice of Levy from the Internal Revenue Service (IRS) in the amount of $14,435.60. As a result, Plaintiff's wages with the City of Carlsbad were garnished, a

bank account with Eddy Federal Credit Union was attached, and real estate holdings in the care of Western Commerce Bank were "taken."  Plaintiff admits in the Complaint that IRS forms 668 were used to garnish her wages from the City of Carlsbad, to attach her financial deposits at the Eddy Federal Credit Union, and to attach her real estate holdings entrusted to the care of Western Commerce Bank.  Plaintiff alleges that no assessment of tax was made nor was Plaintiff ever notified of any tax assessment.

Plaintiff claims that the Defendants aided and abetted the unlawful confiscation of her assets.  Specifically, she alleges that the IRS is a foreign power whose efforts to confiscate Plaintiff's property constitutes an invasion of the State of New Mexico.  Plaintiff further alleges that the Governor of the State of New Mexico has a constitutional duty to repel the invader.  Political and corporate entities within the power and control of the State of New Mexico aided and abetted the alleged invader.

With regard to Defendant Western Commerce Bank, Plaintiff alleges that Western Commerce Bank, along with other Defendants, gave aid and comfort to the IRS which was an invader harming a citizen of the State of New Mexico.  Plaintiff appears to allege that Western Commerce Bank has violated Section 3, 4, and 5 of the 14th Amendment to the Constitution of the United States.  She also appears to allege that Western Commerce Bank engaged in racketeering with the Governor and other political and commercial entities.  Plaintiff requests both injunctive relief and damages from Western Commerce Bank.

**LEGAL STANDARD**

The standards of review for a motion to dismiss for failure to state a claim are well established.  All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  <u>Sutton v. Utah State Sch. for the Deaf &</u>

Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff.  Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998).  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996).  Allegations which state legal conclusions rather than plead material facts are not accorded deference, nor should unwarranted inferences of fact or conclusions of law be drawn from such allegations in order to preclude dismissal.  Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957).  Although a court must liberally construe pro se pleadings, pro se status does not excuse a litigant from his or her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  Additionally, a broad reading of a complaint does not relieve a pro se plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based.  Riddle v. Mondragon, 83 F.3d 1197 (10th Cir. 1996).  A plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if there is no judicial relief available for the acts complained of against a defendant.  Davis v. Passman, 442 U.S. 228 (1979).

**DISCUSSION**

The Internal Revenue Code provides that any person in possession of property subject to levy upon which a levy has been made shall surrender such property to the Secretary.  26 U.S.C. § 6332(a).  Any person who fails or refuses to surrender any property subject to levy shall be personally liable to the United States.  26 U.S.C. § 6332(d)(1).  In addition, if any person required to surrender property fails or refuses to surrender such property without reasonable cause, such person shall be liable for a penalty.  26 U.S.C. § 6332(d)(2).  Western Commerce Bank is a "person" subject to the liabilities and penalties of Section 6332. 26 U.S.C. § 6332(f).  The only

3

defenses for failing to comply with a proper levy are that the "person" is not in possession of the property belonging to the delinquent taxpayer or that the taxpayer's property is subject to a prior judicial attachment or execution.  See U.S. v. Nat'l Bank of Commerce, 472 U.S. 713 (1985).

Because a "person" who receives notice of levy under Section 6332 is under such a strict duty to comply with the levy, Section 6332 provides that any person in possession of property subject to levy upon which a levy has been made who surrenders such property to the Secretary shall be discharged from any obligation or liability to the delinquent taxpayer arising from such surrender.  26 U.S.C. § 6332(e).  Courts that have addressed Section 6332(e) have characterized it as either an "immunity" or as a "complete defense."  See Moore v. General Motors Pension Plans, 91 F.3d 848 (7th Cir. 1996) (finding that a bank that had complied with an IRS levy was immune from a taxpayer's suit); Com. of Ky. for Benefit of United Pacific Ins. Co. v. Laurel County, 805 F.2d 628 (6th Cir. 1986) (finding that custodian of taxpayer's property who honored IRS levy had a complete defense to claim of third parties with interests in surrendered property). The Tenth Circuit noted the disagreement among the circuits as to whether Section 6332(e) creates a defense or an immunity, but noted that the section clearly bars suits against a person who has complied with an IRS levy.  Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997).

As noted above, Plaintiff admits in her Complaint that levies against her property held by Western Commerce Bank were effected through the use of IRS form 668.  Thus, there is no issue in this case as to whether Plaintiff's property of which Western Commerce Bank had possession was subject to levy or whether levy was made.  Western Commerce Bank was obligated under 26 U.S.C. § 6332 to comply with the IRS levy and has a complete defense to Plaintiff's claims arising from such compliance.  Therefore, Western Commerce Bank is entitled to have all claims against it dismissed for Plaintiff's failure to state a claim upon which relief may be granted.  Because

4

Western Commerce Bank has a complete defense to all claims arising from its compliance with the IRS levy, there are no set of facts that could be asserted by Plaintiff to establish a cognizable claim against Western Commerce Bank, any amendment of the Complaint to state claims against this defendant would be futile, and the claims will thus be dismissed with prejudice.

Defendant Eddy Federal Credit Union has not yet filed a motion to dismiss. However, this Court notes that the claims against Eddy Federal Credit Union are identical in type to those against Western Commerce Bank. Defendant Eddy Federal Credit Union was in possession of Plaintiff's deposit accounts. Plaintiff admits in her Complaint that the IRS levied these accounts. Defendant Eddy Federal Credit Union has a complete defense under 26 U.S.C. § 6332(e) to any and all claims arising from its compliance with the IRS levy. Thus, the Court will *sua sponte* dismiss with prejudice all claims against Eddy Federal Credit Union.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Motion by Defendant Western Commerce Bank's Motion to Dismiss [Docket No. 25] is hereby GRANTED, and all claims against Western Commerce Bank are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all claims against Defendant Eddy Federal Credit Union are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE

5