IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA S. KUPCAK,

    Plaintiff,

v.                                            Civil No. 02-1388 WJ/KBM

NEW MEXICO GOVERNOR GARY
JOHNSON, CITY OF CARLSBAD, EDDY
COUNTY, EDDY FEDERAL CREDIT
UNION, WESTERN COMMERCE BANK,
THE INTERNAL REVENUE SERVICE, and
DEPARTMENT OF JUSTICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND ORDERING ADDITIONAL BRIEFING ON
DEFENDANT UNITED STATES' MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to the United States' Motion to Dismiss or for Summary Judgment [Docket No. 5]. The motion was filed November 12, 2002 on behalf of the Internal Revenue Service and the Department of Justice. Plaintiff *pro se* has not filed a response. Having reviewed the motion, accompanying argument, and the Complaint in this case, I find that the motion is well taken with regard to Plaintiff's claims that essentially contests the validity of the underlying IRS assessment or tax debt. However, the Court requests additional briefing with regard to Plaintiff's claims alleging procedural irregularities.

**BACKGROUND**

Plaintiff *pro se* filed her original complaint in the Fifth Judicial District Court, County of Eddy, State of New Mexico. Defendant United States timely removed the action to federal court

pursuant to 28 U.S.C. § 1442. According to Plaintiff's complaint, she is an employee of the City of Carlsbad which is located in Eddy County. Plaintiff received a Notice of Levy from the Internal Revenue Service (IRS) in the amount of $14,435.60. As a result, Plaintiff's wages with the City of Carlsbad were garnished, a bank account with Eddy Federal Credit Union was attached, and real estate holdings in the care of Western Commerce Bank were "taken." Plaintiff alleges that no assessment of tax was made nor was Plaintiff ever notified of any tax assessment.

Plaintiff claims that the Defendants aided and abetted the unlawful confiscation of her assets. Specifically, she alleges that the Tenth Amendment to the Constitution of the United States deems the IRS a foreign power within the State of New Mexico whose efforts to confiscate Plaintiff's property constitutes an invasion of the State of New Mexico. The Governor of the State of New Mexico has a constitutional duty to repel the invader. Political and corporate entities within the power and control of the State of New Mexico aided and abetted the invader. The actions taken with regard to Plaintiff are punishment under a "bill of pains and penalties" in violation of Sections 3, 4, and 5 of the 14th Amendment to the Constitution of the United States.

With regard to Defendant United States, Plaintiff alleges that she was unlawfully deprived of property because the United States failed to utilize the proper procedures in assessing her tax. Additionally, Plaintiff's Complaint appears to contest the authority of the IRS to assess and collect taxes from her within the State of New Mexico. Plaintiff's prayer for relief requests both injunctive relief and damages from the United States.

The motion of the United States is brought as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) or, alternatively, as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has reviewed the exhibits to the motion and finds that they do not assist the

Court in the determination of the matters before it on the motion. Therefore, nothing outside of the pleadings is considered by the Court in its ruling and the motion is properly treated as a motion under Rule 12(b)(6) or, to the extent the Court finds that it lacks subject matter jurisdiction, under Rule 12(b)(1).

**LEGAL STANDARD**

The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the plaintiff. Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998). A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996). Allegations which state legal conclusions rather than plead material facts are not accorded deference, nor should unwarranted inferences of fact or conclusions of law be drawn from such allegations in order to preclude dismissal. Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957). Although a court must liberally construe pro se pleadings, pro se status does not excuse a litigant from his or her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Additionally, a broad reading of a complaint does not relieve a pro se plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based. Riddle v. Mondragon, 83 F.3d 1197 (10th Cir. 1996). A

plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if there is no judicial relief available for the acts complained of against a defendant.  <u>Davis v. Passman</u>, 442 U.S. 228 (1979).

Generally, a motion to dismiss for lack of subject matter jurisdiction will be denied even when the allegation of jurisdiction in the Complaint is insufficient or entirely lacking so long as there are facts pleaded in the Complaint from which jurisdiction may be inferred.  <u>Mountain Fuel Supply Co. v. Johnson</u>, 586 F.2d 1375, 1382 (10th Cir. 1978).

**DISCUSSION**

The Anti-Injunction Act, 26 U.S.C. § 7421, states that taxpayers may generally not maintain any suit for the purpose of restraining the assessment or collection of any tax.  The Act lists various statutory exceptions, but none of them apply to this suit.  Courts have also applied a judicial exception when a taxpayer shows that the government cannot ultimately prevail on the merits under any circumstances, and that the taxpayer will suffer irreparable injury without the injunctive relief.

To the extent Plaintiff's Complaint contests the validity of the underlying IRS assessment, the action is barred by the Anti-Injunction Act.  To the extent Plaintiff may be attempting to bring a refund suit in accordance with 26 U.S.C. § 7422, she has failed to allege the subject matter jurisdiction of the Court as there is no allegation that Plaintiff filed any administrative claim for refund with the IRS.  To the extent Plaintiff may be attempting to bring a Collection Due Process Review in accordance with 26 U.S.C. § 6330, she has failed to allege the subject matter jurisdiction of the Court as there is no allegation that Plaintiff requested a hearing within 30 days of receiving the IRS Notice of Intent to Levy.  Any claim Plaintiff may be attempting to assert against IRS employee Ann Dillon is, in essence, a suit against the United States because such a

claim relates only to the official actions of Dillon; thus, any such claim will be dismissed.  Finally, Plaintiff's allegations that the IRS is a foreign power or an invader are frivolous and will not be considered further by this Court.

Plaintiff's allegations of procedural irregularities in the assessment and notice of tax levy present a different problem for the Court.  Defendant United States did not address Plaintiff's contentions of procedural irregularity in its brief, and Plaintiff did not respond.  Therefore, the Court is somewhat in the dark with regard to these claims.  The Court has uncovered some authority suggesting that taxpayers may bring such claims under particular circumstances.  See James v. United States, 970 F.2d 750, 753 (10th Cir. 1992); Guthrie v. Sawyer, 970 F.2d 733 (10th Cir. 1992); Williamson v. United States, 84 F.Supp.2d 1217 (D.N.M. 1999).  It is not clear to the Court that Plaintiff has properly brought these claims even considering the Court's obligation to liberally construe Plaintiff's pleadings.  However, the Court will require additional briefing in order to address its jurisdiction over Plaintiff's claims of procedural irregularities.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss or for Summary Judgment [Docket No. 5] is hereby GRANTED IN PART in that:

1.  Plaintiff's claims against the Internal Revenue Service or Department of Justice that essentially contest the validity of the underlying IRS assessments or tax indebtedness, and any claims that are asserted against Ann Dillon are DISMISSED WITH PREJUDICE based on this Court's lack of subject matter jurisdiction.

2.  Plaintiff's claims against the Internal Revenue Service or the Department of Justice that are attempting to bring a refund suit in accordance with 26 U.S.C. § 7422, or that are

attempting to bring a Collection Due Process Review in accordance with 26 U.S.C. § 6330 are DISMISSED for failure to allege any facts in the Complaint from which jurisdiction may be inferred.

IT IS FURTHER ORDERED that the United States provide additional briefing on the Court's jurisdiction with regard to Plaintiff's allegations of procedural irregularities in the assessment and notice of tax levy with such briefing due on April 15, 2003.  Plaintiff will be permitted to respond to the government's brief within the time allowed under local rule.

_____
UNITED STATES DISTRICT JUDGE