IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA S. KUPCAK,

    Plaintiff,

v.                                        Civil No. 02-1388 WJ/KBM

NEW MEXICO GOVERNOR GARY
JOHNSON, CITY OF CARLSBAD, EDDY
COUNTY, EDDY FEDERAL CREDIT
UNION, WESTERN COMMERCE BANK,
THE INTERNAL REVENUE SERVICE, and
DEPARTMENT OF JUSTICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND ORDERING ADDITIONAL BRIEFING ON
## DEFENDANT UNITED STATES' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to the United States' Motion to Dismiss or for Summary Judgment [Docket No. 5], the Court's Memorandum Opinion and Order ordering additional briefing [Docket No. 32] and the Additional Briefing in Support of United States' Motion to Dismiss or For Summary Judgment Filed on November 12, 2002 [Docket No. 46]. Having reviewed the record and the applicable law, I find that the United States is entitled to dismissal of all Plaintiff's remaining claims.

**BACKGROUND**

The Court's Memorandum Opinion and Order filed March 5, 2003 [Docket No. 32] summarizes much of the background in this case. The Court will supplement that background rather than reiterate it.

The United States, on behalf of the Internal Revenue Service and the Department of Justice, filed its Motion to Dismiss or for Summary Judgment on November 12, 2002.  Plaintiff *pro se* Debra S. Kupcak did not file a response to that motion.  After reviewing the motion and the submissions of the United States in support of the motion, I ruled that the United States was entitled to dismissal of all Plaintiff's claims except to the extent Plaintiff had alleged a claim based on procedural irregularities in the assessment and notice of tax levy.  See Memorandum Opinion and Order filed March 5, 2003 [Docket No. 32].  The United States had not briefed the Court on its jurisdiction with regard to such a claim and had not provided argument or evidence with regard to the United States' compliance with the procedural requirements for assessment and notice of levy of tax.  Thus, this Court ordered additional briefing on the issue with the United States being ordered to provide additional briefing and Plaintiff being given an opportunity to respond.

The United States filed the requisite additional briefing on May 22, 2003.  See Docket No. 46].  Pursuant to the Memorandum Opinion and Order filed March 5, 2003 [Docket No. 32] and D.N.M.LR-7.6, Plaintiff had until June 5, 2003 to file a response.  On June 12, the United States filed a Notice of Completion of Briefing [Docket No. 47].  As of the date of this Memorandum Opinion and Order, Plaintiff has not filed a response.

Among the documents in the record are two Form 4340 Certificates of Assessment, Payments, and Other Matters, one for the 1997 tax year and one for the 1998 tax year.  Plaintiff did not voluntarily file a tax return for either tax year 1997 or 1998.  The IRS used its authority under 26 U.S.C. § 6201 to investigate and determine Plaintiff's 1997 and 1998 tax liabilities.  On August 18, 2000, The IRS sent Plaintiff a 30-day letter informing her that she had not filed returns, her proposed tax and penalties had been figured based on available information, and

2

giving her 30 days to agree with the penalties, file returns, or otherwise respond. The letter further stated that Plaintiff would be sent a notice of deficiency if she failed to respond within the thirty days. On December 22, 2000, the IRS mailed Plaintiff notices of her 1997 and 1998 tax deficiencies. These notices were sent to two different addresses in the IRS files. One of the addresses to which notices were sent matches the address listed on Plaintiff's Complaint.

Plaintiff did not respond to the notices of deficiencies within 90 days. Thus, on July 16, 2001, the IRS issued Plaintiff a notice of assessment and demand for payment. Plaintiff still did not pay her tax liabilities, so the IRS then moved forward with collection.

To collect Plaintiff's tax liabilities, the IRS sent Plaintiff a notice of intent to levy on July 8, 2002. Plaintiff received the notice on July 22, 2002. The notice informed Plaintiff that she had a right to an appeals hearing if one was requested within 30 days. Plaintiff did not request a hearing within 30 days. Accordingly, the IRS levied on Plaintiff's assets.

The motion of the United States is brought as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) or, alternatively, as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. In ruling on the issue whether the Court has jurisdiction over Plaintiff's claim for procedural irregularities, the motion is properly treated as a Rule 12(b)(1) motion. In ruling on whether the United States is entitled to dismissal of the claim for procedural irregularities, the Court must review the exhibits submitted with the additional briefing. Thus, this portion of the motion must be treated as a motion for summary judgment under Rule 56.

**LEGAL STANDARD**

Generally, a motion to dismiss for lack of subject matter jurisdiction will be denied even when the allegation of jurisdiction in the Complaint is insufficient or entirely lacking so long as there are facts pleaded in the Complaint from which jurisdiction may be inferred.  Mountain Fuel Supply Co. v. Johnson, 586 F.2d 1375, 1382 (10th Cir. 1978).

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  In order to overcome a motion for summary judgment, "Rule 56 . . . requires the nonmoving party to go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990).  "There mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  Celotex, 477 U.S. at 327.

**DISCUSSION**

I.   SUBJECT MATTER JURISDICTION

The United States concedes that, pursuant to 28 U.S.C. § 2410 and the Tenth Circuit decision in James v. United States, 970 F.2d 750, 755 (10th Cir. 1992), this Court has subject matter jurisdiction of Plaintiff's claim that the Internal Revenue Service (IRS) failed to assess

4

properly or to send valid notices of assessment and demands for payment. I conclude that the Court does have subject matter jurisdiction. Thus, the Court may proceed to the merits of the claim.

II.     PLAINTIFF'S CLAIM OF PROCEDURAL IRREGULARITY

Plaintiff's Complaint asserts that the United States unlawfully collected her tax liabilities[1] because "[n]o required assessment was ever made," and she was never "notified of any . . . assessment." Complaint pg. 1. The Internal Revenue Code (IRC) establishes a series of procedural steps that must be taken by the IRS before levying upon a taxpayer's assets or filing a notice of lien.

26 U.S.C. § 6012 requires all taxpayers with qualifying gross income to file tax returns, and 26 U.S.C. § 6151 requires those taxpayers to pay the tax shown on those returns without assessment or notice from the IRS. Williamson v. United States, 84 F.Supp.2d 1217, 1220 (D.N.M. 1999). If a taxpayer does not comply with the voluntary filing requirement, 26 U.S.C. § 6201 and Treas. Reg. § 301.6201-1(a) allow the IRS to investigate and determine how much tax should be assessed against the taxpayer. Id. Once the IRS has determined the tax, 26 U.S.C. §§ 6212(a) and 6213(a) require the IRS to mail the taxpayer a notice of deficiency that explans how much tax the IRS intends to assess. Id. This notice also must explain the taxpayer's right to dispute the assessment by petitioning the U.S. Tax Court within 90 days. Id. If the taxpayer does not file suit in the Tax Court, the IRS may formally assess the tax, and the tax becomes due. Id.

---

[1]Even if Plaintiff were to eventually prevail on the merits of this claim, the Court would not have jurisdiction to return monies already collected by the IRS or to review the merits of her federal tax liabilities. See 26 U.S.C. §§ 7421, 7422; Williamson v. United States, 84 F.Supp.2d 1217, 1219 (D.N.M. 1999).

Section 6213(c) then requires the IRS to send the taxpayer a notice of assessment and demand for payment. Id. If the taxpayer still does not pay the deficiency, the IRS may then move forward with various collection procedures like filing a notice of lien or levying upon a taxpayer's assets.

When filing a notice of lien or levying upon assets, the IRS must follow the collection due process procedures in 26 U.S.C. §§ 6330 and 6320. Thirty days before levying, Section 6330 requires the IRS to notify taxpayers in writing that they have thirty days to request a hearing with IRS Appeals. If a taxpayer does not request a hearing, the hearing right is waived and the IRS may levy upon the taxpayer's assets without an IRS Appeals Review. When the IRS files a lien notice, Section 6320 gives taxpayers the same hearing opportunity, but the IRS may immediately file the lien before the taxpayer requests a hearing. Within five days of the lien filing, the IRS must notify the taxpayer in writing of the right to request a hearing with IRS Appeals. The taxpayer waives the right if the lien hearing is not requested within thirty days.

When determining whether the IRS has followed the above procedures, courts have held that Form 4340 Certificates of Assessment, Payments, and Other Matters create a presumption of proper assessment. March v. Internal Revenue Service, 320 F.3d 1113 (10th Cir. 2003); Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992).

The record makes clear that the IRS complied with all of the procedural requirements of 26 U.S.C. §§ 6212(a), 6213(a), 6213(c) and 6330. The IRS sent Plaintiff a notice of deficiency in compliance with 26 U.S.C. §§ 6212(a) and 6213(a). The IRS sent Plaintiff a notice of assessment and demand for payment in accordance with 26 U.S.C. § 6213(c). More than thirty days prior to levying on Plaintiff's assets, the IRS notified Plaintiff in writing of her right to a hearing with IRS Appeals in compliance with 26 U.S.C. § 6330. Thus, the Internal Revenue Service and the

Department of Justice are entitled to summary judgment on Plaintiff's claim that the IRS failed to follow proper procedures in assessing and collecting taxes.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss or for Summary Judgment [Docket No. 5] is hereby GRANTED in that summary judgment is granted to the Internal Revenue Service and the Department of Justice with regard to Plaintiff's claim of procedural irregularities in the assessment and notice of tax levy and this claim is hereby DISMISSED WITH PREJUDICE.  Having by previous Order disposed of all Plaintiff's other claims, this Order disposes of this case in its entirety.

_____
UNITED STATES DISTRICT JUDGE